UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ASHLEY GREEN, Administrator of the Estate of JAZMIR TUCKER, deceased, <br><br>   Plaintiff, <br><br> vs. <br><br> CITY OF AKRON, et al., <br><br>   Defendants. | CASE NO.:  5:25-CV-02564 <br><br> JUDGE:  BENITA Y. PEARSON <br><br> **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT** <br><br> **(Jury Demand Endorsed Hereon)** |

Now come Defendants, City of Akron, Ohio, Mayor Shammas Malik, Chief Brian Harding, Officer Davon Fields, Sergeant Joseph Woodin, Sergeant Kyle Farr, Sergeant Adam Guilmette, Sergeant D. Ray, and Officer Steven Loar, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and for their answer to Plaintiff's Complaint state as follows:

1. Answering Paragraph 1 of Plaintiff's Complaint, Defendants aver said allegations are rhetorical and do not require an answer by these answering Defendants. To the extent an answer is required to said Paragraph, Defendants aver the loss of a young life is always tragic, but aver the shooting death of Jazmir Tucker was a reasonable use of deadly force. Further answering said Paragraph, Defendants deny any violation of law, but admit the Plaintiff seeks to bring claims pursuant to 42 U.S.C. § 1983 under the Fourth and Fourteenth Amendments, with additional state law claims and deny the allegations have merit.

2. Answering Paragraph 2 of Plaintiff's Complaint, Defendants admit Jazmir Tucker was 15 years old at the time of his death. Further answering said Paragraph, Defendants are without sufficient information or belief as to the truth of the remaining allegations contained therein and therefore deny the same.

3. Answering Paragraph 3 of Plaintiff's Complaint, Defendants aver the force used was objectively legally reasonable under the circumstances and deny any violation of law and any remaining allegations contained therein, but admit that Plaintiff alleges the force was excessive.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants deny any unconstitutional conduct, deny they condoned, ratified or endorsed any unconstitutional conduct and deny any violation of law and any remaining allegations contained therein, but admit Plaintiff alleges such conduct.

5. Answering Paragraphs 5, 6 and 7 of Plaintiff's Complaint, Defendants deny any biased policing and aver that misconduct by an officer in the "late 1990s" has any bearing on the events at issue in this litigation, beyond Plaintiff attempting to create a false narrative of racially biased policing based on those long since passed events. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

6. Answering Paragraph 8 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of this data and deny the inference suggested by said allegation and as a result deny the allegations of said Paragraph.

7. Answering Paragraph 9 of Plaintiff's Complaint, Defendants aver said allegations are rhetorical and do not require an answer by these answering Defendants. Further answering said Paragraph, Defendants deny any violation of law and assert the use of deadly force was objectively legally reasonable.

8. Answering Paragraph 10 of Plaintiff's Complaint, Defendants aver said allegations are rhetorical and do not require an answer by these answering Defendants. Further answering said Paragraph, Defendants deny any violation of law and deny the appropriateness of any *Monell* claim.

9. Answering Paragraphs 11 and 12 of Plaintiff's Complaint, Defendants admit that jurisdiction and venue are proper in this court.

10. Answering Paragraphs 13 and 14 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of said allegations and therefore deny the same.

11. Answering Paragraph 15 of Plaintiff's Complaint, Defendants admit that Defendants Davon Fields and Steve Loar were employed as police officers with the City of Akron and aver that addresses of police officers are protected by statute in Ohio and therefore deny the remaining allegations of said Paragraph.

12. Answering Paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations contained therein and aver that Sgt. Woodin learned of the shooting after it occurred and responded to the scene, handed off a shield and began to direct the development of a scene perimeter, among other related duties.

13. Answering Paragraphs 17, 18 and 19 of Plaintiff's Complaint, Defendants admit that Defendants Farr, Guilmette and Ray are sergeants with the City of Akron Police Department and that as such they are supervisors who became aware of the shooting after the fact. Further answering said Paragraphs, Defendants admit that Sgt. Ray assisted in directing the securing of the scene, that Sgt. Guilmette and Sgt. Farr were on-scene supervisors who, inter alia, provided shields and assisted officers in taking Mr. Tucker into custody. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

14. Answering Paragraph 20 of Plaintiff's Complaint, Defendants admit Chief Harding is the Chief of Police during the relevant period of time.

15.     Answering Paragraph 21 of Plaintiff's Complaint, Defendants aver Section 68 of the Charter of the City of Akron speaks for itself and deny that Plaintiff accurately quotes that Section. Further answering said Paragraph, Defendants admit Chief Harding has duties that include the operation of the police station and the stationing and transfer of officers under rules and regulations developed by the Mayor.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

16.     Answering Paragraph 22 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

17.     Answering Paragraphs 23, 24, 25 and 26 of Plaintiff's Complaint, Defendants aver that the Charter of the City of Akron speaks for itself.  Further answering said Paragraphs, Defendants admit that the Mayor has duties that include seeing that laws and ordinances of the City are enforced, appointing and removing classified and unclassified employees, exercising control over City departments and divisions, introducing legislation and discussing matters before City Council, causing the examination of any department or employee and making/approving rules and regulations for the Department of Public Safety, including the Division of Police.  Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

18.     Answering Paragraphs 27, 28, and 29 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

19.     Answering Paragraph 30 of Plaintiff's Complaint, Defendants admit the allegation contained therein.

20.     Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegation contained therein.

21. Answering Paragraph 32 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants. To the extent that an answer is required, Defendants deny any violation of law and deny Plaintiff's entitlement to any relief sought.

22. Answering Paragraph 33 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

23. Answering Paragraph 34 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of Defendants and deny Plaintiff's attempt to characterize certain Defendants as the "Supervisory Defendants" and therefore deny the allegations of said Paragraph.

24. Answering Paragraph 35 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 23 of their answer as if fully rewritten herein.

25. Answering Paragraphs 36 and 37 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

26. Answering Paragraphs 38, 39, 40, 41, 42, 43, 44, 45, 46 and 47 of Plaintiff's Complaint, Defendants dispute Plaintiff's characterization of the events and therefore deny said Paragraphs. Further answering said Paragraphs, Defendants aver that Officers Fields and Loar were in their patrol car behind Antioch Baptist Church located at 670 Vernon Odom Blvd. Officers heard what they believed was a gunshot nearby and approximately two seconds later heard a second gunshot. Officers retrieved their patrol rifles to respond to the gunshots and investigate the circumstances of the gunshots. Officers also radioed dispatch regarding the gunshots and their response to the same. After exiting the patrol car, Officer Loar realized the car was unlocked and

locked the car.  As officers responded to the direction and area where they heard the gunshots, officers encountered an unknown subject coming from the direction of the gunshots.  Concerned that this person could be fleeing the scene of a crime related to the gunshots, Officer Fields closed distance on the subject before ordering the subject to show his hands.  A back up patrol car came into the area responding to the Officers' broadcast and as patrol cars approached the subject made a motion as if drawing a weapon from his waistband causing Officer Fields to believe the subject was armed, drawing a weapon and was going to use the weapon on the responding patrol car and officers.  As a result of this belief that the subject was about to use deadly force, Officer Fields fired his rifle striking what was later determined to be Mr. Tucker.  Further answering, Defendants aver this answer is a truncated description of the events which unfolded rapidly, suddenly and which will be described more fully in Officer testimony.  Officer Fields admits he later learned he fired 8 rounds, but at the time believed he had fired 3-5 rounds.  Further answering Paragraphs, Defendants admit Mr. Tucker's action of making the drawing motion cannot be seen on the video and that he does not otherwise brandish, point, or fire a weapon at officers. Further answering said Paragraphs, Defendants deny any remaining allegations contained therein.

27.   Answering Paragraphs 48, 49, 50, and 51 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of the events and therefore deny said Paragraphs.  Further answering said Paragraphs, Defendants aver that the body worn camera video speaks for itself.  Further answering said Paragraphs, Defendants aver that Officers gave commands to Mr. Tucker to show his hands, not knowing if he was unable to comply or refusing to comply, not knowing if he had a weapon in his hand and if he was still a threat.  Officers waited to approach him until they had ballistic shields for protection, then approached, secured the subject, searched for and secured any weapon and commenced medical aid.  Defendants admit that although Officer Fields tried to

6

activate his body worn camera, the camera did not activate until activated later by the approaching backup cruiser. Loar did not activate his body worn camera, but it was later activated by the backup cruiser. The elapsed time from the shots being fired until medical care is provided is approximately seven minutes. A pistol with an extended magazine was found in the subject's pocket. Further answering, Defendants deny any remaining allegations contained therein.

28. Answering Paragraph 52 of Plaintiff's Complaint, Defendants aver any statement by Mayor Malik speaks for itself, but admit Mayor Malik, inter alia, expressed concern regarding the apparent delay in providing medical care, noting that any unreasonable delay is unacceptable and has no place in Akron. Further answering, Defendants deny any unreasonable delay in providing medical care.

29. Answering Paragraph 53 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

30. Answering Paragraphs 54 and 55 of Plaintiff's Complaint, Defendants aver that the Medical Examiner's report speaks for itself but admits that the description contained in said Paragraphs is essentially correct.

31. Answering Paragraphs 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 of Plaintiff's Complaint, Defendants deny the appropriateness, accuracy or fairness of Plaintiff's characterization of Officer Fields' training and therefore deny the same.

32. Answering Paragraph 69 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33. Answering Paragraph 70 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 32 of their answer as if fully rewritten herein.

34. Answering Paragraph 71 of Plaintiff's Complaint, Defendants admit that Akron Police Department policy requires the activation of body cameras at the beginning of a citizen interaction.

35. Answering Paragraphs 72, 73 and 74 of Plaintiff's Complaint, Defendants admit that officers should activate their body cameras, aver Officer Fields tried unsuccessfully to activate his body worn camera and deny any policy violation. Further answering, Defendants admit that the entire encounter was not captured with video and audio, but that the critical events were captured on video. Further answering, Defendants deny any remaining allegations contained therein.

36. Answering Paragraph 75 of Plaintiff's Complaint, Defendants aver the Akron Use of Force policy speaks for itself, but admit that the Use of Force policy includes de-escalation as an objective and that de-escalation includes the use of additional time, distance and the use of other resources. Further answering, Defendants deny any remaining allegations contained therein.

37. Answering Paragraph 76 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

38. Answering Paragraphs 77 and 78 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of the events and therefore deny the allegations contained therein. Further answering, Defendants admit the subject was told to show his hands before the subject ran and initiated the use of force encounter.

39. Answering Paragraph 79 of Plaintiff's Complaint, Defendants aver that the Akron use of force policy speaks for itself and aver that the use of deadly force is authorized when an officer reasonably perceives an immediate threat or danger of serious bodily harm or death to the

officer or another. Further answering, Defendants deny any remaining allegations contained therein.

40. Answering Paragraph 80 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

41. Answering Paragraph 81 of Plaintiff's Complaint, Defendants admit no civilian witness stated they heard the gunshots. Further answering, Defendants deny any remaining allegations contained therein.

42. Answering Paragraph 82 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of Officer Fields' statement and therefore deny the allegations contained therein.

43. Answering Paragraph 83 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

44. Answering Paragraph 84 of Plaintiff's Complaint, Defendants aver said Paragraph is a tautology and deny that it has application to this case. Further answering, Defendants deny any remaining allegations contained therein.

45. Answering Paragraph 85 of Plaintiff's Complaint, Defendants aver the Akron use of force policy speaks for itself and deny that Plaintiff accurately states the policy and deny that the issues referenced in the allegations pertain to this circumstance. Further answering said Paragraph, Defendants deny the remaining allegations contained therein.

46. Answering Paragraphs 86 and 87 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

47. Answering Paragraph 88 of Plaintiff's Complaint, Defendants admit care should be provided when necessary and when it can be safely provided. Further answering, Defendants deny any remaining allegations contained therein.

48. Answering Paragraphs 89 and 90 of Plaintiff's Complaint, Defendants admit they waited for ballistic shields prior to approaching Mr. Tucker, deny knowing he was "incapacitated" and admit care was rendered once he was secured for officer safety.  Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

49. Answering Paragraph 91 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

50. Answering Paragraph 92 of Plaintiff's Complaint, Defendants admit police encounters, including the use of force, should be accurately documented.  Further answering, Defendants deny any remaining allegations contained therein.

51. Answering Paragraph 93 of Plaintiff's Complaint, Defendants admit Officer Fields initially believed he fired 3-5 shots but confirmed that he fired 8 shots.  Further answering, Defendants deny any remaining allegations contained therein.

52. Answering Paragraphs 94 and 95 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

53. Answering Paragraph 96 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 52 of their answer as if fully rewritten herein.

54. Answering Paragraph 97 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants.  To the extent an answer is required, Defendants admit Plaintiff seeks to bring such a claim but deny the validity of the claim and deny any violation of law.

55. Answering Paragraphs 98, 99, and 100 of Plaintiff's Complaint, Defendants admit that Plaintiff's partial quotations are essentially accurate, but deny the accuracy of their

characterization of *Tennessee v. Garner* and deny any violation of law and deny any remaining allegations contained therein.

56. Answering Paragraph 101 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

57. Answering Paragraph 102 of Plaintiff's Complaint, Defendants aver said Paragraph is a tautology, ignores the facts at issue and deny any violation of law and any use of excessive force. Further answering, Defendants deny any remaining allegations contained therein.

58. Answering Paragraph 103 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of the events and of the legal standard and aver that Officer Fields used a reasonable amount of force under the circumstances. Further answering said Paragraph, Defendants deny any remaining allegations contained therein.

59. Answering Paragraph 104 of Plaintiff's Complaint, Defendants admit Officer Fields acted under color of law, but deny any violation of law or abuse of authority.

60. Answering Paragraph 105 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

61. Answering Paragraph 106 of Plaintiff's Complaint, Defendants admit that no person says they saw a weapon in Plaintiff's hands. Further answering, Defendants deny any violation of law and deny any remaining allegations contained therein.

62. Answering Paragraphs 107 and 108 of Plaintiff's Complaint, Defendants deny the accuracy and truthfulness of Plaintiff's characterization of the facts and events and therefore deny the same. Further answering, Defendants deny any violation of law and any remaining allegations contained therein.

63. Answering Paragraph 109 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of the facts and the accuracy of the same and therefore deny said allegations. Further answering, Defendants aver the body warn camera captured the moments leading up to and including the shooting but do not show the critical information due to the nature and perspective of the video. Further answering, Defendants deny any violation of law and any remaining allegations contained therein.

64. Answering Paragraph 110 and 111 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

65. Answering Paragraph 112 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of the events and deny the remaining allegation contained therein.

66. Answering Paragraph 113 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

67. Answering Paragraphs 114, 115, and 116 of Plaintiff's Complaint, Defendants deny Plaintiff's characterization of the events and their accuracy and deny any violation of law and deny any remaining allegations contained therein.

68. Answering Paragraphs 117 and 118 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

69. Answering Paragraph 119 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 68 of their answer as if fully rewritten herein.

70. Answering Paragraph 120 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants. To the extent an answer is

required, Defendants admit Plaintiff seeks to bring such a claim but deny the validity of the claim and deny any violation of law.

71. Answering Paragraphs 121, 122, 123, 124, 125, 126, 127, 128, 129 and 130 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

72. Answering Paragraph 131 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 71 of their answer as if fully rewritten herein.

73. Answering Paragraph 132 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants. To the extent an answer is required, Defendants admit Plaintiff seeks to bring such a claim but deny the validity of the claim and deny any violation of law.

74. Answering Paragraph 133 of Plaintiff's Complaint, Defendants admit that the Mayor is the top policy maker for the City. Further answering, Defendants deny the remaining allegations contained therein.

75. Answering Paragraph 134 of Plaintiff's Complaint, Defendants admit the police force is armed and has arrest powers. Further answering, Defendants deny any remaining allegations contained therein.

76. Answering Paragraphs 135, 136, 137, 138, 139, 140 and 141 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

77. Answering Paragraph 142 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same. Further answering, Defendants aver said statement, if made, has no relationship to the events of this case.

78. Answering Paragraphs 143, 144 and 145 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants. To the extent that an answer is required, Defendants deny Plaintiff's characterization as proceeding from a false premise and as inaccurate and deny any remaining allegations contained therein.

79. Answering Paragraphs 146, 147, 148, 149, and 150 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

80. Answering Paragraphs 151, 152, 153, 154, 155, 156, 157, 158, and 159 of Plaintiff's Complaint, Defendants deny the characterization of the events alleged therein and therefore deny the allegations contained therein and aver that events in the late 1990s conducted by one officer bear no relationship to the events at issue.

81. Answering Paragraph 160 of Plaintiff's Complaint, Defendants deny the Plaintiff's characterization of the events and therefore deny the same. Further answering, Defendants deny the remaining allegations contained therein.

82. Answering Paragraphs 161 and 162 of Plaintiff's Complaint, Defendants deny the allegations and inferences contained therein.

83. Answering Paragraph 163 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and aver no answer is required to said Paragraph. To the extent that an answer is required, Defendants deny any violation of law and any remaining allegations contained therein.

84. Answering Paragraphs 164, 165, 166, 167 and 168 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

85. Answering Paragraph 169 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 84 of their answer as if fully rewritten herein.

86. Answering Paragraph 170 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants. To the extent an answer is required, Defendants admit the general correctness of the statements of law but deny any violation of law and aver the use of force was lawful.

87. Answering Paragraphs 171, 172, 173, 174, 175, 176, and 177 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

88. Answering Paragraph 178 of Plaintiff's Complaint, Defendants are without sufficient information or belief to form an opinion as to the truth of the allegations contained therein and therefore deny the same.

89. Answering Paragraph 179 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

90. Answering Paragraph 180 of Plaintiff's Complaint, Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 89 of their answer as if fully rewritten herein.

91. Answering Paragraph 181 of Plaintiff's Complaint, Defendants aver said Paragraph is rhetorical and does not require an answer by these Defendants. To the extent an answer is required, Defendants admit Plaintiff seeks to bring such a claim but deny the validity of the claim and deny any violation of law.

92. Answering Paragraphs 182, 183, 184, 185, 186, 187, 188, 189 and 190 of Plaintiff's Complaint, Defendants deny the allegations contained therein. Further answering, Defendants controvert the prayer contained subsequent to Paragraph 190 of Plaintiff's complaint.

## AFFIRMATIVE DEFENESES

### FIRST DEFENSE

93. Defendants reallege and reaver all the admissions, averments and denials contained in Paragraphs 1 through 92 of their answer as if fully rewritten herein.

94. Plaintiff's Complaint, in whole or in part, is barred by qualified immunity.

### SECOND DEFENSE

95. Plaintiff's Complaint, in whole or in part, is barred by Chapter 2744 of the Ohio Revised Code.

### THIRD DEFENSE

96. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

WHEREFORE, having fully answered, Defendants, City of Akron, Ohio, Mayor Shammas Malik, Chief Brian Harding, Officer Davon Fields, Sergeant Joseph Woodin, Sergeant Kyle Farr, Sergeant Adam Guilmette, Sergeant D. Ray, and Officer Steven Loar, pray that Plaintiff's Complaint be dismissed, and that they go hence without cost or delay.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
STEVEN K. KELLEY  (0023747)
ZACHARY W. ANDERSON (0095921)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   jmclandrich@mrrlaw.com
             skelley@mrrlaw.com
             zanderson@mrrlaw.com

*Counsel for Defendants City of Akron, Ohio, Mayor Shammas Malik, Chief Brian Harding, Officer Davon Fields, Sergeant Joseph Woodin, Sergeant Kyle Farr, Sergeant Adam Guilmette, Sergeant D. Ray, and Officer Steven Loar*

**JURY DEMAND**

A trial by jury composed of the maximum number of jurors permitted under the law is hereby demanded.

*s/John T. McLandrich*
JOHN T. MCLANDRICH  (0021494)
STEVEN K. KELLEY  (0023747)
ZACHARY W. ANDERSON (0095921)

*Counsel for Defendants City of Akron, Ohio, Mayor Shammas Malik, Chief Brian Harding, Officer Davon Fields, Sergeant Joseph Woodin, Sergeant Kyle Farr, Sergeant Adam Guilmette, Sergeant D. Ray, and Officer Steven Loar*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, a copy of the foregoing Answer of Defendants to Plaintiff's Complaint was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/John T. McLandrich*
JOHN T. MCLANDRICH (0021494)
STEVEN K. KELLEY (0023747)
ZACHARY W. ANDERSON (0095921)

*Counsel for Defendants City of Akron, Ohio, Mayor Shammas Malik, Chief Brian Harding, Officer Davon Fields, Sergeant Joseph Woodin, Sergeant Kyle Farr, Sergeant Adam Guilmette, Sergeant D. Ray, and Officer Steven Loar*
